```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
GEIDY MAVELY SOTO ALVARADO          )
and MAURICIO ANTONIO GARCIA         )
SOTO,                               )
                                    )
           Plaintiffs                )
                                    )
    v.                              )   C.A. No. 22-184 WES
                                    )
MERRICK B. GARLAND, United States   )
Attorney General, et al.,           )
                                    )
           Defendants.               )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, District Judge.

Before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, ECF No. 5. Plaintiffs Geidy Mavely Soto Alvarado and Mauricio Antonio Garcia Soto[1] bring this lawsuit against six defendants: Merrick B. Garland in his capacity as Attorney General, Alejandro Mayorkas in his capacity as Secretary of the United States Department of Homeland Security ("DHS"), DHS itself, Ur Jaddou in her capacity as the Director of the United States Citizenship and Immigration Services ("USCIS"), Laura Zuchowski in

---

[1] Plaintiff Garcia Soto is Plaintiff Soto Alvarado's son and a derivative beneficiary of her I-360 petition. See Compl. ¶ 10.

her capacity as the Director of the Vermont Service Center for USCIS, and USCIS itself. See Compl. ¶¶ 11-16, ECF No. 1. Plaintiffs seek injunctive and mandamus relief, alleging that USCIS's revocation of Plaintiff Soto Alvarado's previously granted I-360 petition exceeded its statutory authority. Id. ¶ 4. Defendants have moved to dismiss. For the reasons stated below, Defendants' Motion to Dismiss, ECF No. 5, is GRANTED. Because the Court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims, it need not reach Defendants' alternative argument that Plaintiffs have failed to state a claim on which relief can be granted.

I. Background

Plaintiff Soto Alvarado was born in Guatemala and entered the United States in December 2006 without inspection. Compl. ¶ 17. She has remained in the United States since her entry. Id. On June 15, 2011, she married Francisco La Paz, a United States citizen. Id. ¶ 18. During the marriage, La Paz subjected Plaintiff to extreme cruelty and abuse. Id. On June 28, 2017, Plaintiff and La Paz divorced, and on June 30, 2017, Plaintiff filed an I-360 petition pursuant to 8 U.S.C. § 1154(a)(1)(A)(iii) based on the abuse she suffered at La Paz's hand.² Compl. ¶¶ 2,

---

² The statute pursuant to which Plaintiff filed her petition is a provision of the Immigration and Nationality Act ("INA"), which was initially enacted in 1952. The INA and its subsequent amendments overhauled immigration in the United States. See

generally Immigration and Nationality Act, Pub. L. No. 82-414, 66 Stat. 163 (1952). The 1965 amendment in particular created a system granting preferential status to certain classes of immigrants. See H.R. 2580, 89th Cong. § 1 (1965). One such class is "immediate relatives" of United States citizens, which includes their "children, spouses, and parents." Id. § 1(a). If classified as an immediate relative of a United States citizen, an immigrant can bypass the numerical limitations imposed on other classes of immigrants. Id. § 1(b) ("The immediate relatives specified in this subsection who are otherwise qualified for admission as immigrants shall be admitted as such, without regard to the numerical limitations in this Act.").

In 1994, Congress enacted the Violence Against Women Act ("VAWA") as part of the Violent Crime Control and Law Enforcement Act. Violence Against Women Act, Pub. L. No. 102-322, 108 Stat. 1903 (1994). VAWA further amended the INA "to allow limited categories of [immigrant] spouses to self-petition for immediate relative status," including, relevant to this case, the immigrant spouse of an abusive United States citizen. H.R. Rep. No. 103-395 § 241 (1993). Prior to VAWA's enactment, only the citizen spouse "[wa]s authorized to file a relative petition" on behalf of the immigrant spouse, and the citizen spouse "maintain[ed] full control over the petitioning process." Id. The amendments implemented by VAWA were intended to, among other objectives, "prevent the citizen . . . from using the petitioning process as a means [of] control or abuse," by allowing the immigrant spouse to self-petition. Id.; see Delmas v. Gonzales, 422 F. Supp. 2d 1299, 1302 (S.D. Fla. 2005) (discussing legislative history and purpose of VAWA).

VAWA was reauthorized in 2000 and incorporated the Victims of Trafficking and Violence Protection Act, which further amended the INA. See Victims of Trafficking and Violence Protection Act, Pub. L. No. 106-386, 114 Stat. 1464 (2000). These amendments permit an immigrant to file a self-petition for up to two years following the termination of a qualifying marriage, provided that the immigrant demonstrates a connection between the abuse and the termination of the marriage. 8 U.S.C. § 1154(a)(1)(A)(iii)(II)(CC)(bbb)-(ccc). See Delmas, 422 F. Supp. 2d at 1303. The amendments also permit an immigrant to remarry once his or her petition has been approved without risking revocation of the approval. 8 U.S.C. § 1154(h); see Delmas, 422 F. Supp. 2d at 1303. Immigrants self-petitioning for immediate relative status pursuant to the VAWA amendments to the INA use the I-360 form to do so. See U.S. Citizenship and Immigration Services, I-360, Petition for Amerasian, Widow(er), or Special Immigrant, http://www.uscis.gov/i-360.

3

18-19. On August 10, 2018, Soto Alvarado married her current spouse. Id. ¶¶ 3, 19.

USCIS approved Plaintiff's petition on February 2, 2019. Id. ¶¶ 2, 19. Following the approval, Plaintiff applied for legal permanent residency and was interviewed by a USCIS officer in Providence, Rhode Island. Id. ¶ 19. On March 1, 2021, USCIS informed the Plaintiff by mail of its intention to revoke the approval of her petition, citing her failure to have a "qualifying relationship" due to her remarriage at the time the petition was approved as the reason for the revocation.[3] Id. ¶¶ 3, 20. In response, Plaintiff submitted a memorandum in support of her application. Id. ¶ 21. On March 29, 2022, USCIS revoked its approval of Plaintiff's petition. Id. ¶ 22.

II. Legal Standard

When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court "must construe the complaint liberally,

---

[3] Although the INA provides that "[t]he legal termination of a marriage may not be the sole basis for revocation . . . of a petition," and that "[r]emarriage of an [immigrant] whose petition is approved . . . shall not be the basis for revocation of a petition approval," the statute is silent as to the effect of an immigrant's remarriage prior to the approval of the petition. 8 U.S.C. § 1154(a). Plaintiff contends that her remarriage prior to the approval of her petition cannot be the basis of the revocation of the approval of her petition. Compl. ¶ 28. Because the Court concludes that it lacks subject matter jurisdiction, it does not reach the merits of this argument.

4

treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). The Court also "may consider whatever evidence has been submitted in the case." Acosta-Ramirez v. Banco Popular de Puerto Rico, 712 F.3d 14, 18 (1st Cir. 2013). The plaintiff bears the burden of demonstrating subject matter jurisdiction. Justiniano v. Soc. Sec. Admin., 876 F.3d 14, 21 (1st Cir. 2017).

III. Discussion

Federal courts are courts of limited jurisdiction and thus must have subject matter jurisdiction "to hear and resolve a case[.]" Alphas Co. v. William H. Kopke, Jr., Inc., 708 F.3d 33, 36 (1st Cir. 2013); see Fed. R. Civ. P. 12(b)(1). Although district courts typically have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over matters in which the United States has been properly added to the Complaint as a defendant, 28 U.S.C. § 1346(a)(2), as are the circumstances here, that jurisdiction may be restricted or removed by statute. See Alphas, 708 F.3d at 36-37 (quoting Bowles v. Russell, 551 U.S. 205, 212-13 (2007)) ("Congress has the exclusive right to determine 'when, and under what conditions, federal courts can hear [cases].'"). Defendants contend that, here, the INA imposes such a bar on the Court's jurisdiction over Plaintiff's claims. Defs.'

5

Mot. Dismiss 4-6, ECF No. 5.  The Court agrees.

A. Immigration and Nationality Act

Like the provisions pertaining to immediate relative status, see supra at note 2, the jurisdictional provisions of the INA have also been subject to significant amendments.  In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), which added to the INA limitations on the jurisdiction of courts to review immigration decisions made by the Attorney General or DHS Secretary.  See Pub. L. No. 104-208 § 306, 110 Stat. 3009-546, 104th Cong. (1996); Kucana v. Holder, 558 U.S. 233, 237 (2010).  As amended by the IRRIRA, the INA provides that

> no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii).

In Bernardo ex rel. M & K Engineering, Inc. v. Johnson, the First Circuit considered the very question of "whether the decision to revoke a visa petition approval is specified to be in the Secretary of Homeland Security's discretion."  814 F.3d 481, 484 (1st Cir. 2016).  Relying on 8 U.S.C. § 1155, which provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of

6

any petition approved by him under section 1154 of this title," the First Circuit explained that the use of certain words and phrases in the statute (namely "may," "at any time," and "for what he deems to be good and sufficient cause,") "clearly indicate[]" Congress's intent "that the decision to revoke the approval of a visa petition is discretionary." Id. at 485-86.  This "specific language" sufficed to overcome the "presumption favoring interpretations of statutes [to] allow judicial review of administrative action." Id. at 485.  Therefore, the court concluded that the decision is discretionary and thus "Congress has barred judicial review" of the revocation of a previously approved visa petition, joining seven other circuits that have concluded the same. Id. at 482, 484 (collecting cases).

This guidance necessitates the conclusion that the decision to revoke the approval of Plaintiff's petition was discretionary and is therefore not subject to judicial review.  The plain language of 8 U.S.C. §§ 1155 and 1252 and the First Circuit's holding in Bernardo make clear that the review of the revocation of approval of a petition that was initially approved pursuant to 8 U.S.C. § 1154, as Plaintiff's petition was here, is beyond the

7

Court's jurisdiction.[4]

B. Mandamus and Venue Act

Plaintiffs contend that they can overcome the INA's jurisdictional bar by invoking the Mandamus and Venue Act, 28 U.S.C. § 1361.  Generally, federal district courts have original jurisdiction over any action seeking mandamus to compel an officer or agency of the United States to perform a duty owed to the plaintiff, which Plaintiffs seek here.  28 U.S.C. § 1361. However, in the context of a mandamus action, "the usually separate questions of jurisdiction and failure to state a claim merge. There can be no mandamus jurisdiction if no 'duty' exists on the part of the defendants."  Davis Assocs., Inc. v. Sec'y, Dep't of Hous. & Urb. Dev., 498 F.2d 385, 388 (1st Cir. 1974).

Here, there is no duty for Defendants to perform a re-adjudication of the decision to revoke the approval of Plaintiff's

---

[4] Plaintiffs' reliance on the USCIS Policy Manual, which states that "[t]he decision to approve or deny a self-petition is not discretionary," is misplaced.  USCIS Policy Manual, https://www.uscis.gov/policy-manual.  First, the manual itself states that it "does not create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person." Id.; see Diaz v. U.S. Citizenship and Immigration Servs., 499 Fed. Appx. 853, 855 (11th Cir. 2012) ("[I]nternal administrative guidance that has not been promulgated in accordance with APA notice-and-comment rule making procedures does not have the force and effect of law.").  Second, even if the manual created enforceable rights, the passage cited by Plaintiffs pertains only to the initial decision to approve or deny a self-petition, not to the subsequent revocation of approval.

8

application. As discussed supra, the decision to revoke the approval was discretionary. See U.S. ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931) (Writ of mandamus "will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable."). Thus, because Plaintiffs cannot demonstrate that Defendants have a duty to re-adjudicate the application, the Mandamus and Venue Act does not provide a basis for the Court to exercise jurisdiction over Plaintiffs' claims.

C. Administrative Procedures Act

Plaintiffs' contention that the Administrative Procedures Act ("APA") confers jurisdiction is similarly unavailing. Section 702 of the APA permits judicial review of an agency action when a person suffers a legal wrong or is adversely affected or aggrieved by the agency action. 5 U.S.C. § 702. However, the APA is not applicable where another "statute[] preclude[s] judicial review" or the "agency action is committed to agency discretion by law." Id. § 701(a); see Bernardo, 814 F.3d at 483-84 (quoting Block v. Cmty. Nutrition Inst., 467 U.S. 340, 345 (1984)) ("[Section] 701 of the APA 'withdraws [a] cause of action to the extent the relevant statute[, 8 U.S.C. § 1152(a)(2)(B),] preclude[s] judicial review.'"). Thus, because the APA does not supersede the INA's deprivation of jurisdiction, it is not a basis on which the Court

9

can exercise jurisdiction in this case.

### D. Declaratory Judgment Act

Finally, Plaintiffs' claim that the Declaratory Judgment Act confers jurisdiction on the Court also fails. Under the Declaratory Judgment Act, "[i]n a case of actual controversy <u>within its jurisdiction</u> . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal regulations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201 (emphasis added). The Declaratory Judgment Act, in and of itself, does not grant jurisdiction to the federal courts over actions seeking declaratory judgment; it merely provides authority for courts to issue an additional remedy where there is an independent basis for jurisdiction. See <u>Skelley Oil Co. v. Phillips Petroleum Co.</u>, 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only. . . . Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." (internal citation and quotation marks omitted)). Therefore, the Declaratory Judgment Act does not provide a basis for the Court to exercise jurisdiction over Plaintiffs' claims.

### IV. Conclusion

For the foregoing reasons, the Court concludes that it lacks jurisdiction over Plaintiffs' claims. Therefore, Defendants'

Motion to Dismiss, ECF No. 5, is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date:  December 6, 2022

11